UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MONTEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID INGRAM, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-02110 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND |

　　　　Robert Montez ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* with an action for a violation of civil rights pursuant to 42 U.S.C. § 1983 against the David Ingram, Deputy District Attorney; *The Bakersfield Calfiornian* newspaper; Channel 23 News; Channel 17; United Paramount Network; and Univision Channel (collectively, "Defendants"). (Doc. 1). For the following reasons, the Court recommends Plaintiff's motion to proceed in forma pauperis (Doc. 2) be **DENIED** and the complaint be **DISMISSED** without leave to amend.

**I.      Motion to Proceed In forma Pauperis**

　　　　As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). The Court may authorize the initiation of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Thus, an action may proceed despite a failure to prepay the filing fee only if leave to proceed in forma

pauperis is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999). The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller,* 314 F.2d at 600-01. In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Plaintiff's application to proceed be denied because, as discussed below, Plaintiff's complaint fails to state a meritorious claim upon which relief may be granted. *See* 28 U.S.C.§ 1915(e)(2). Moreover, it does not appear the complaint may be amended to state a cognizable claim.

## II.     Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims." *See* 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or … seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). If factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.   Discussion and Analysis**

Plaintiff alleges that he received a text message from a friend "asking if [he] had seen the news on Channel 23."[1] (Doc. 1 at 4.) Plaintiff asserts he did not pay attention to the text, but three hours later received a text message from his wife "showing [him] a picture that came out on the news and on the Internet." (*Id.*)

---

[1] Plaintiff does not allege when this occurred, but given his account of the events and the field arrest report Plaintiff attached to his complaint, it appears he received the text message either late in the evening on October 27, 2013 or early in the morning on October 28, 2013.

Apparently, the picture showed Plaintiff and associated him with a burglary. (Doc. 1 at 4) According to Plaintiff, he was in a shed in the back yard at the time he received the second text and, just then, he saw "a man with a gun and a flashlight at 3:00 a.m.," who "knock[ed] on the door, saying 'Open the shed door it's B.P.D.'" (*Id.*) Plaintiff asserts he asked the why he was being arrested, and that the officers woke his father up telling him that Plaintiff had "committed a burglary." (*Id.*)

Plaintiff asserts he told the police that he was the man in the picture they had, but that the police were making a mistake because he "didn't commit any crime." (Doc. 1 at 4.) He reports that he was arrested for breaking into a place called "Litters Kritters," but Plaintiff asserted he has never been to such a place. (*Id.* at 5.) Plaintiff asserts that when questioned by officers, he was shown pictures of himself walking by the area, and confirmed he was in the picture. (*Id.*) Plaintiff maintains he did not burglarize Litters Kritters, but he "cut a fense in another area or property on some storage area where [his] belongings were" stored by "an old friend." (*Id.*) When Plaintiff was questioned by defendants Sproer and Anderson, the conversation was recorded without Plaintiff's knowledge. (*Id.* at 7.)

Based upon these facts, Plaintiff asserts his constitutional rights have been violated by David Ingram, Deputy District Attorney; Detective Anderson, Badge #625; Detective Sporter, Badge # 832; and several news sources including *The Bakersfield Californian* newspaper, Channel 23 News, Channel 17 News, United Paramount Network, and Univision Channel. (Doc. 1.) Specifically, Plaintiff contends Ingram is liable for "discriminatory prosecution," and that the detectives violated his "constitutional rights per 18- U.S.C.S-2515." (*Id.* at 3.) In addition, Plaintiff asserts the news sources are liable for violating the First Amendment of the Constitution of the United States and 18 U.S.C. § 2515. (*Id.*)

**A.    Prosecutorial Immunity**

Although Plaintiff alleges defendant Ingram is liable for "discriminatory prosecution," Plaintiff fails to state any facts related to this allegation, and thus fails to link Ingram to any constitutional violation. Regardless, as a deputy district attorney, Ingram enjoys absolute immunity when acting in the scope of his duties in the investigation and pursuit of a criminal prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) (it is "well established that a prosecutor has absolute immunity for the decision to prosecute a particular case"); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir.1984) (prosecutors are absolutely immune

from civil liability for post-litigation as well as pre-litigation handling of case). Immunity extends to "the preparation necessary to present a case," including "obtaining, reviewing, and evaluation of evidence." *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3rd Cir. 1992). Thus, even if Plaintiff believes the evidence did not support his arrest, the deputy district attorney is immune from suit for prosecuting of the action.

### B. Recording without Plaintiff's knowledge

Plaintiff contends the defendants are liable for a violation of 18 U.S.C. § 2515 for recording his interview without knowledge. Significantly, 18 U.S.C. § 2515 does not prohibit recording, but rather provides that "[e]vidence obtained by investigators *after* a wiretap's objective is met must be suppressed." *United States v. Carneiro*, 861 F.2d 1171, 1180 (9th Cir. 1988). Thus, 18 U.S.C. § 2515 generally excludes from evidence any unlawfully intercepted wire communications, or information derived therefrom. Here, there are no facts that the defendants have sought to introduce evidence from the recording at a trial.

Importantly, *even if* the defendants used the recording of the interview as evidence and Plaintiff was convicted of the offense, this Court lacks jurisdiction over Plaintiff's grievance, because a finding in favor of Plaintiff implies his confinement is invalid. In *Heck v. Humphrey*, the Supreme Court, addressing a claim brought pursuant to 42 U.S.C. § 1983, held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment," the plaintiff must demonstrate the conviction has been invalidated. *Id.*, 512 U.S. 486-87 (1994). Consequently, the Ninth Circuit has determined that *Heck* barred a plaintiff's claims of wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges where the plaintiff was convicted of crimes for which he was arrested. *Guerrero v. Gates*, 442 F.3d 697, 703-04 (9th Cir. 2006). Plaintiff has not alleged whether he was convicted, or that the proceedings have been invalidated. Consequently, *Heck* may bar Plaintiff's claim.

### C. Plaintiff's First Amendment claim

Although Plaintiff alleges the defendants violated the First Amendment, the amendments to the Constitution do not create direct causes of action. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 929 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not

have a direct cause of action under the United States Constitution"). However, 42 U.S.C. § 1983 "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

The First Amendment to the Constitution of the United States provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." *U.S. Constitution, amend. I.* Accordingly, a number of rights are encompassed within the lines of the First Amendment, such as the right to distribute literature, the right to freedom of speech, and access to the Courts. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Clement v. California Dep't of Corr.,* 364 F.3d 1148, 1151 (9th Cir. 2004) (explaining the "First Amendment embraces the right to distribute literature, and necessarily protects the right to receive it").

Here, Plaintiff fails to identify which rights he believes Defendants violated, and the facts do not support an inference that First Amendment rights were implicated. In addition, the Court will not speculate as to his causes of action because Plaintiff has a burden to state his claims with specificity. *See Iqbal*, 129 S.Ct. at 1948-49; *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 554 (2007) (a plaintiff must set forth more than conclusions and include "the grounds of his entitlement to relief"). Because Plaintiff has not stated a cognizable claim for a First Amendment violation, this claim is **DISMISSED**.

### D. Constitutional right of the Press

Significantly, the press enjoys a constitutional right to report matters of public interest. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001) ("no cause of action will lie for

the publication of matters in the public interest, which rests on the right of the public to know and the freedom of the press to tell it."); *see also Pierce v. Capital Communications, Inc.*, 576 F.2d 495, 504-08 (3rd Cir. 1978). The Supreme Court of the United States has determined the commission of a crime and resulting criminal proceedings are "without question events of legitimate concern to the public." *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 492 (1975). Consequently, the news source defendants are entitled to constitutional protection for their broadcast of Plaintiff's image as the burglary suspect.

Notably, Plaintiff does not identify the website on which his wife found his pictur, and Plaintiff alleges only Channel 23 broadcast his image on the television. For this reason, Plaintiff fails to link defendants Channel 17 News, United Paramount Network, and Univision Channel to any alleged constitutional violation. However, even if the Plaintiff carried this initial burden, these defendants would be entitled to constitutional protection, like Channel 23, for broadcasting Plaintiff's photo in relation to the news on the commission of burglary, which is a matter of public interest.

### V. Findings and Recommendations

As discussed above, Plaintiff has failed to state a cause of action upon which relief may be granted by this Court. Defendant Ingram is entitled to immunity for actions taken in relation to prosecuting Plaintiff's criminal action, and Plaintiff has not shown any constitutional violation by the detectives. Finally, Plaintiff has failed to link Channel 17 News, United Paramount Network, and Univision Channel to any alleged constitutional violation, and fails to state a claim for a violation of his First Amendment rights by Channel 23.

Based upon the facts alleged, it does not appear the deficiencies can be cured by amendment, and leave to amend would be futile. *See Lopez*, 203 F.3d at 1130; *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**; and
2. Plaintiff's complaint be **DISMISSED** without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen

days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 7, 2014**                    **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE